IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:22-CR-57 |
| Plaintiff(s), | |
| -vs- | |
| | JUDGE PAMELA A. BARKER |
| JESSE BOJORQUEZ, | |
| Defendant. | MEMORANDUM OPINION & ORDER |

This matter is before the Court upon the Motion To Revoke Detention Order filed by Defendant Jesse Bojorquez ("Defendant") on April 15, 2022 ("Defendant's Motion"). (Doc. No. 38.) On April 25, 2022, the United States of America filed the Government's Response in Opposition to Defendant's Motion ("the Government's Response"). Although given until May 2, 2022 to do so, Defendant did not file a Reply in support of Defendant's Motion. For the reasons set forth below, Defendant's Motion is Denied.

**Background**

On January 21, 2022, the Defendant was charged by criminal complaint with a drug conspiracy and with possession with intent to distribute controlled substances in violation of 21 U.S. C. §§ 846 and 841(a)(1). (Doc. No. 1.) This Court's review of the affidavit in support of the criminal complaint demonstrates that Defendant communicated by telephone with his alleged co-conspirator, Defendant Mahoney ("Mahoney") on January 19 and 20, 2022; flew from Chicago to Cleveland on January 19, 2021 [Judge—should this be 2022?] and met with Mahoney at which time law enforcement observed Mahoney unloading bins from his truck into a vehicle rented by Defendant, who then left the area and proceeded to a storage unit where investigators found Defendant loading

the contents of what appeared to be the bins transferred into his rented vehicle, into microwaves stacked on pallets; and upon the subsequent execution of a search warrant, investigators seized $2,400,000 in U.S. currency from that same storage locker. (Doc. No. 1-1, PageID #s 79-84.)

On January 25, 2022, Magistrate Judge Greenberg conducted a detention hearing, during which the Government proffered the criminal complaint and affidavit filed on January 21, 2022, the Pretrial Services report dated January 24, 2022, and Exhibits 3-8, consisting of photographs.[1] (Doc. No. 27, PageID #s 241-45.) At the hearing, Defendant proffered the Pretrial Services report that included a recommendation that Defendant be released on a $20,000 unsecured bond with conditions;[2] a letter from Defendant's mother indicating that she is 71 years old, Defendant was born and has lived in California and helped her with the family business and is now currently her caregiver and Defendant has family and friends in California;[3] a Cox Communications bill addressed to Defendant at his mother's address;[4] a receipt for student funding from San Diego State University evidencing some tuition refunded to Defendant;[5] a pharmacy technician registration issued to Defendant that expired on May 31, 2016 and a Certification of Training in HIPAA;[6] and two letters of support from close friends.[7] At the time of his arrest, Defendant was not residing in Ohio, but in California, and was only visiting Ohio when he was arrested. (Doc. No. 40, PageID #s 353-54.)

---

[1] Exhibit 3 is a photograph of the drugs seized from Mahoney's home and several hundred thousand dollars; Exhibit 4 is a photograph of the money that was seized from the storage unit; Exhibit 5 is a photograph of the storage unit where Defendant was arrested, showing a burner phone that was used to communicate with Mahoney; Exhibit 6 is a close-up photograph of the money recovered from the storage unit where Defendant was arrested, labeled with "Mookie", known to be Mahoney's nickname; Exhibits 7 and 8 are photographs of the money recovered from the storage unit where Defendant was arrested, placed into microwaves. (Doc. No. 40, PageID #s 346-48.)
[2] (Doc. No. 9, PageID # 98.)
[3] (Doc. No. 10-1.)
[4] (*Id.*)
[5] (Doc. No. 10-2.)
[6] (Doc. No. 10-3.)
[7] (Doc. No. 10-4.)

The Government argued that there is a presumption in favor of detention pursuant to 18 U.S.C. § 3142(e)(3), and Defendant should be detained because he poses a significant flight risk since: he lives in California, and only came to Cleveland to commit a crime; he has family that lives outside the United States, and citing the Pretrial Services Report, stated that Defendant had traveled outside of the United States just two weeks prior to his arrest; he is not formally employed; he is not married and has no children; and has no ties to this area, other than with his co-defendants/co-conspirators; and no significant ties to California either. The Government also argued that Defendant is a danger to the community, having been charged as part of a large-scale drug trafficking organization. (Doc. No. 40, PageID #s 354-57.)

Defendant, through counsel, argued that Defendant has rebutted the presumption of detention based upon several facts. He has substantial ties to the community in California, specifically his mother and immediate family, he works helping his mother with her business/restaurant and takes care of her daily needs, is enrolled in college courses, and he would be able to find full time and verifiable employment. Defense counsel argued that although Defendant has relatives in Mexico, without his passport which was seized by law enforcement, he will not be able to cross any borders to travel into Mexico; he has no criminal record and would not jeopardize his safety valve eligibility by not being responsive; and Defendant does not pose a danger to the community given his lack of a criminal record, and no history of violence or access to or history of access to firearms. (Doc. No. 40, PageID #s 360-64.)

On February 3, 2022, Magistrate Judge Greenberg issued a Detention Order Pending Trial, finding that Defendant had not rebutted the presumption in favor of detention, and finding that "the testimony and information submitted at the hearing establishe[d] by a preponderance of the evidence

3

that based upon the nature of the instant offense; Defendant's lack of verifiable, legitimate employment; his ties to a foreign country; his unexplained assets; and his unstable living situation; no condition or combination of conditions exist that will reasonably assure the Defendant's appearance." (Doc. No. 13, PageID #s 125-26.)

On February 17, 2022, Defendant was indicted and charged with Conspiracy to Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). (Doc. No. 16.) Defendant's Motion followed, asking this Court to "reopen the detention hearing in this matter pursuant to 18 U.S.C. § 3142(f)(2)(B), and to order that he be released pending trial, with whatever conditions the Court finds appropriate." (Doc. No. 38, PageID # 332.) Defendant makes the request based upon new information not available to him at the time of his original detention hearing, specifically, Defendant's mother has offered to rent a suitable apartment in Cuyahoga County where Defendant will reside during the pendency of the case; and family members have offered to reside with him and act as his custodians during pretrial supervision. According to Defendant, these are "changed circumstances" that provide reasonable conditions of release that will ensure his appearance in court.

The Government opposes Defendant's release, arguing that Defendant has failed to rebut the presumption of detention and even if this Court finds that he has rebutted the presumption, then consideration of the 3142(g) factors demonstrates that there are not conditions of release that will reasonably assure the appearance of Defendant and the safety of any other person and the community.

**Law and Analysis**

18 U.S.C. § 3145(b) provides:

(b) Review of a detention order.—If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the

offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. ***

District courts exercise a *de novo* review of a magistrate judge's release or detention order. *United States v. Fitzhugh*, 2016 WL 4727480 (E.D. Mich Sept. 12, 2016) (citations omitted). "[A] district court should fully reconsider a magistrate's denial of bail and in ruling on a motion for revocation or amendment of a detention order should not simply defer to the judgment of the magistrate but reach its own independent conclusion." *United States v. Leon*, 766 F.2d 77, 80 (2nd Cir.1985).

Title 18 U.S.C. § 3142 "provides the framework for the district court's analysis as to whether release pending trial is proper." *United States v. Williams*, 2020 WL 2529356 (E.D.Tenn. May 18, 2020) (citing *United States v. Webb*, 238 F.3d 426, at *2 (6th Cir. 2000) (table opinion). "The ultimate touchstone of this analysis is 'whether there are conditions of release that will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community.' § 3142(g)." *Id*. Courts must consider the following: (1) the nature and circumstances of the offense charged, including whether it is a crime involving a controlled substance; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, e.g., his or her character, mental and physical condition, family and community ties, financial resources, criminal history, and substance-abuse history; and (4) the nature and seriousness of the danger posed to the community by the defendant's potential release. *Id*.

A detention hearing may be reopened only after a "'judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such

person as required and the safety of any other person and the community.' 18 U.S.C. ¶ 3142(f)." *Id*. Specifically pursuant to 18 U.S.C. § 3142(f)(2)(B), a district court may reopen a detention hearing based on changed circumstances, as Defendant alleges has occurred here, where new information: (1) was unknown to the movant at the time of the detention hearing; and (2) it has "a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community." *Id*.

As far as whether a hearing is required, while the Bail Reform Act is silent about whether a defendant is entitled to an in-court hearing on an appeal of a detention order, there is ample authority for the conclusion that the Court may decide the motion on the filings (including proffers offered by counsel) as opposed to a hearing. 18 U.S.C. § 3145(b) establishes that "[i]f a person is ordered detained by a magistrate judge" that person "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." Upon such a motion, the court must make a *de novo* "determination as to whether the magistrate judge's findings are correct based on the court's review of the evidence before the magistrate judge." *United States v. Sidbury*, No. LWF-15-184, 2015 WL 8481874, at *1 (E.D.N.C. Dec. 8, 2015) (citing *United States v. Williams*, 753 F.2d 329, 333-34 (4th Cir. 1985)). The court "may conduct an evidentiary hearing" as part of its review. *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988). However, "there is no statutory requirement that the court hold a hearing" and the court "retains the discretion to decide whether to hold a hearing." *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019). *See also*, *Williams*, 753 F.2d at 331 (recognizing that the court may permit the parties to "introduce proffers of evidence" as an alternative way to allow the introduction of new evidence); *United States v. Hensler*, 18 F.3d 936 (5th Cir. 1994) (holding defendant was not entitled to evidentiary hearing); *King*, 849 F.2d at 490 ("based solely on

a careful review of the pleadings and the evidence developed at the magistrate's detention hearing, the district court may determine that the magistrate's factual findings are supported and that the magistrate's legal conclusions are correct.").

This Court agrees with Defendant that there has been a change in circumstances since the detention hearing was conducted by Magistrate Judge Greenberg, specifically, Defendant's mother has agreed to rent him an apartment in Cuyahoga County and unidentified family members have agreed to reside with him as custodians if pretrial release is granted. However, the Court finds that these changed circumstances do not have a "material" bearing on the issue of whether there are conditions of release that will reasonably assure Defendant's appearance at trial and the safety of any other person in the community. Indeed, living in Cuyahoga County, Ohio, with a relative who has not been identified, presents more of an unstable living situation than living with his 71-year old mother in California and having obligations to care for her and assist her in reopening her restaurant business, being surrounded by siblings and nieces/nephews and good friends, attending college, and being more likely to obtain verifiable employment.

Moreover, upon conducting a *de novo* review, this Court finds that the evidence presented by Defendant to Magistrate Judge Greenberg and then to this Court does not rebut the presumption that Defendant does not pose a danger to the community or a risk of flight. This Court's consideration of the factors set forth in 18 U.S.C. § 3142(g) leads it to conclude that there are no conditions that will reasonably assure the appearance of Defendant and the safety of any other person and the community.

As to the nature and circumstances of the offense charged, to include whether it is a crime involving a controlled substance, this factor weighs in favor of detention, as the crime with which Defendant is charged does involve a controlled substance; and because the offense carries a substantial sentence, there is an increased risk of flight.

As to the weight of the evidence of the dangerousness or risk of flight, the evidence proffered demonstrates that Defendant has been involved in drug trafficking at a high level, dealing with substantial quantities of cocaine and cash, demonstrating his dangerousness if released. Moreover, Defendant's access to cash and relatives in Mexico where he had traveled just two weeks before his arrest, when coupled with the potential for a substantial term of imprisonment if convicted, demonstrate both the means and a motive to flee. And, while Defendant does not have his passport so as to legally cross the border into Mexico, that does not mean he cannot illegally attempt to do so or cross the border without one.

As to the history and characteristics of the Defendant, the Court has considered Defendant's character, his family ties – to include ties with family in Mexico where he traveled two weeks prior to his arrest, his financial resources coupled with his lack of verifiable employment, his lack of a prior criminal history and the fact that there is no evidence of violence or firearms possession or usage. 18 U.S.C. § 3142(g)(3). Defendant may very well be a good and supportive son, brother, uncle and friend, whose family members want him released to allow him to be involved in their lives, but while he was providing that love and support to his family members and friends, there is probable cause to believe that he became involved in a high-level drug trafficking organization with a Mexican supplier. Indeed, his family support and community ties did not prevent him from being so involved. Therefore, altogether, the history and characteristics of the Defendant weigh in favor of detention.

As to the nature and seriousness of the danger posed to the community by Defendant's potential release, even if with the condition of GPS monitoring, this factor, too, weighs in favor of detention. Moreover, while the location monitoring that Defendant proposed may offer useful information about where he is, it provides little useful information about what he is doing, and the ready accessibility of smart phones and digital communication devices would make it all too easy for him to resume his involvement in the trafficking of controlled substances without detection.

Accordingly, Defendant's Motion is DENIED.

**IT IS SO ORDERED.**

Date: May 12, 2022

                                                 *s/Pamela A. Barker*
                                                 PAMELA A. BARKER
                                                 U. S. DISTRICT JUDGE